UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**3Lions Publishing, Inc.**
　　Plaintiff,

　　v.　　　　　　　　　　　　　　Case No.: 8:14 cv 1707 T 35 TBM

**Juniper Networks, Inc.,**
　　Defendant.　　　　　　　　　　JURY DEMANDED

_____/

## ORIGINAL COMPLAINT

　　Comes now Plaintiff 3Lions Publishing, Inc. ("3LP") with its Complaint against Juniper Networks, Inc. ("JNWI") or ("Defendant") and states as follows:

### INTRODUCTION

1.　This is an action for Copyright Infringement and Contributory Copyright Infringement under the United States Copyright Act of 1976, 17 U.S.C §§ 101 et seq. (the "Copyright Act").

### PARTIES, JURISDICTION, AND VENUE

2.　Plaintiff 3Lions Publishing, Inc. is a corporation registered in the State of Florida that provides, *inter alia*, information, solutions and guidance to the healthcare industry regarding the implementation of safeguards to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), having its principal place of business located in Pinellas County at 1001 Starkey Rd. #18, Largo, FL 33771.

3. Upon information and belief Defendant JNWI is a corporation registered in the State of California that describes itself as "in the business of network innovation. From devices to data centers, from consumers to cloud providers, Juniper Networks delivers the software, silicon and systems that transform the experience and economics of networking," with its principal place of business located in Santa Clara County, 1194 North Mathilda Avenue, Sunnyvale, CA 94089.

4. Upon information and belief, at all times material hereto, Defendant operated through the acts of its employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

5. This Complaint alleges Copyright Infringement and Contributory Copyright Infringement under the Copyright Act. This Court has subject matter jurisdiction over this federal question claim pursuant to 28 U.S.C. § 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant's tortious acts of copyright infringement and unfair competition all occurred either directly or indirectly within this jurisdiction (and elsewhere in the State of Florida as well as throughout the United States) and/or was specifically targeted at this jurisdiction. Defendant knew, or should have known, that its acts of Copyright Infringement and Contributory Copyright Infringement targeted this jurisdiction and/or would have a direct impact on persons or entities located in this jurisdiction. This Court also has personal jurisdiction over Defendant JNWI because JNWI has transacted business in this jurisdiction through their *Elite Reseller* and/or *Authorized Education Partner*, Vology Data Systems located at 4035 Tampa Rd, Oldsmar, FL 34677.

7. Venue is proper in this judicial district pursuant to 28 U.S.C 1391(b) and (c) because the Defendant is subject to personal jurisdiction in this judicial district and a substantial

part of the events or omissions giving rise to the claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

8. 3LP owns a website entitled the HIPAA Survival Guide ("HSG"), located on the Internet at www.hipaasurvivalguide.com (hereinafter referred to as "Website").

9. The Website is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

10. The Website contains "protectable elements" afforded copyright protection, said elements include, but are not limited to, the unique written content, images, graphics, and the unique expressions set forth in the Website.

11. The authors of the Website duly applied to the Library of Congress Copyright Office, and received a Certificate of Registration for the Website, and subsequently transferred all rights in and to the Website to Plaintiff 3LP. *See* Exhibit A, HSG U.S. Copyright registration.

12. 3LP is the sole owner of the Website's copyright.

13. Subsequent to the issuance of the Website's copyright certificate, Defendant infringed upon 3LP's copyright by adapting 3LP's Website content ("the Work" or "Work") and releasing said adaptation ("Infringing Content") that upon information and belief was created on or about August 17, 2010 and later modified on April 16, 2013 and appeared on the following website https://www.insight.com/content/dam/insight/en_US/pdfs/insight/healthcare-solutions/healthcare_and_compliance_white_paper-the-new-reality.pdf pp. 7-8. *See* Exhibit B, https://www.insight.com/content/dam/insight/en_US/pdfs/insight/healthcare-solutions/healthcare_and_compliance_white_paper-the-new-reality.pdf, Defendant's Infringing Content, taken from www.hipaasurvivalguide.com/hitech-act-summary.php.

14. 3LP became aware of Defendant's use of the Infringing Content on or about June

10, 2014.

15. On or about June 10, 2014 3LP, via counsel, notified Defendant that Defendant had infringed on its copyright. *See* Exhibit C, first notification of copyright infringement to Defendant.

16. On June 17, 2014 3LP, via counsel, sent JNWI a final notice of copyright infringement. The parties, through ensuing correspondence, have been unable to resolve the dispute amicably. *See* Exhibit F, Final notification.

17. On or about July 2, 2014 3LP became aware that, upon information and belief, Defendant shared the Infringing Content with one of their partners, Network Design & Management ("NDMI"). NDMI posted a white paper entitled Healthcare and Compliance— The New Reality Regulatory Compliance Enabled by Juniper Networks Security Solutions, which contained a copy of the Infringing Content on the following URL: http://www.ndm.net/juniperstore/pdf/healthcare-and-compliance-whitepaper.pdf pp. 7-8. *See* Exhibit D, NDMI's use of the Infringing Content; *see also* Exhibit E, a recently discovered copy of, Healthcare and Compliance— The New Reality Regulatory Compliance Enabled by Juniper Networks Security Solutions on http://www.seo-li.com/healthcare-and-compliancethe-new-reality-insight.html. This latter instance was taken from insight.com further infringing on 3LP's copyright and diluting its value.

18. 3LP never entered into any agreement with Defendant that would permit Defendant to adapt or otherwise use the Work; therefore Defendant possesses no rights whatsoever in the Work, including any of the exclusive rights owned by 3LP under the Copyright Act.

### Count I – Copyright Infringement
[Damages for Copyright Infringement 17 U.S.C. § 501(a)]

19. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-18 as if fully set forth herein.

20. 3LP is the rightful owner of all rights related to the Work and, pursuant to 17 U.S.C. § 102(a), owns a copyright in same, for which an application for registration has been made and a certification issued.

21. 3LP did not authorize or consent to Defendant's unlawful use of the Work.

22. Defendant, by using 3LP's Work for its own economic gain without a contractual agreement with 3LP— unlawfully reproduced the Work, unlawfully distributed the Work, unlawfully displayed the Work, and unlawfully created derivative versions of the Work, in violation of 3LP's enumerated rights contained in the Copyright Act. *See generally* 17 U.S.C. §§ 106 and 501.

23. Upon information and belief, Defendant's acts of copyright infringement were willful and deliberate, in reckless disregard of 3LP's copyright, and intended for its own economic gain, without consideration for processes and safeguards that would have protected the rights of copyright holders. *See* 17 U.S.C. § 504(c)(2). 3LP suffered actual damages as a result of Defendant's infringement.

### Count II – Contributory Copyright Infringement
[Damages for Contributory Copyright Infringement 17 U.S.C. § 501(a)]

24. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-18 as if fully set forth herein.

25. 3LP is the rightful owner of all rights related to the Work and, pursuant to 17 U.S.C. § 102(a), owns a copyright in same, for which an application for registration has been

5

made and a certification issued.

26. Upon information and belief, Defendant allowed one or more third parties, such as NDMI, to unlawfully produce, distribute, display and create a derivative of 3LP's Work, and therefore directly contributed to the copyright infringement of said third parties.

27. 3LP did not authorize or consent to Defendant's unlawful use of the Work with said third parties.

28. As a result of the foregoing, Defendant contributed to the infringing acts of other third parties that violated 3LP's exclusive right to: (a) reproduce the Work; (b) to prepare derivative works based upon the Work; (c) redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending; and (d) display the copyrighted Work. *See* 17 U.S.C. §§ 106(1)-(5) and 501.

29. Upon information and belief, Defendant's acts of contributory infringement were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

30. 3LP suffered actual damages that were proximately caused by Defendant's conduct vis-à-vis third parties, including lost sales and a diminution of the value of its copyright.

## JURY DEMAND

3LP requests a trial by jury on all issues to which it is entitled to a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, 3LP respectfully requests that the Court:

### Count I – Copyright Infringement

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe 3LP's copyrighted Work;

(B) Order Defendant to delete and permanently remove copies of 3LP's Work from each of the computers under Defendant's possession, custody or control;

(C) Award 3LP statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c);

(D) Award 3LP reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(E) Grant 3LP any other and further relief this Court deems just and proper.

### Count II – Contributory Copyright Infringement

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe 3LP's Work;

(B) Order that Defendant request the deletion of 3LP's Work by third parties to whom Defendants wrongfully distributed the Work;

(C) Find that Defendant is liable for its own direct infringement and for the direct infringement it was the proximate cause of with respect to third parties and/or the consuming public;

(D) Award 3LP statutory damages in the amount of $150,000 for each third party and/or members of the consuming public whose liability was proximately caused by Defendant, pursuant to 17 U.S.C. § 504(c);

(E) Award 3LP reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(F) Grant 3LP any other and further relief this Court deems just and proper.

7

## **Designation of Place of Trial**

3LP hereby designates Tampa, Florida as the place of trial of the above styled matter.

Respectfully submitted,

Digitally signed by Carlos A. Leyva
DN: cn=Carlos A. Leyva, o, ou=The Digital Business Law Group, P.A., email=cleyva@digitalbusinesslawgroup.com, c=US
Date: 2014.07.09 15:49:44 -04'00'

By: _____
Carlos A. Leyva
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
1001 Starkey Rd. #18
Largo, FL  33771
(800) 516-7903 (858) 720-0379
(800) 257-9128 fax
cleyva@digitalbusinesslawgroup.com

**ATTORNEY FOR PLAINTIFF
3LIONS PUBLISHING INC.**