IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:14-CV-01707-MSS-TBM

3Lions Publishing, Inc.,

    Plaintiff,

v.

Juniper Networks, Inc.,

    Defendant.

---

## DEFENDANT JUNIPER NETWORKS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Juniper Networks, Inc. ("Juniper"), for itself and for no other defendant, hereby responds to the Complaint filed by Plaintiff 3Lions Publishing, Inc. ("3Lions") as follows:

### INTRODUCTION

1. Juniper admits that Plaintiff contends that it has filed this action against Juniper for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 1.

### PARTIES, JURISDICTION, AND VENUE

2. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies each and every allegation therein.

3. Juniper admits that it is a corporation with a registration in the State of California with its principal place of business at 1194 North Mathilda Avenue, Sunnyvale, CA 94089. Juniper further admits that it has described itself as "in the business of network innovation. From devices to data centers, from consumers to cloud providers, Juniper Networks delivers the

software, silicon and systems that transform the experience and economics of networking." Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 3.

    4.      Juniper admits that it operates through the acts of employees, agents, representatives, and servants within the course of their employment and scope of duties. Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 4.

    5.      Juniper admits that the Complaint purports to assert claims for copyright infringement and contributory copyright infringement under the Copyright Act. Juniper further admits that this Court has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 5.

    6.      Juniper admits that Plaintiff contends that this Court has personal jurisdiction over Juniper. Juniper denies that the Complaint asserts any claim for unfair competition. Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 6.

    7.      Juniper admits that Plaintiff contends that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c). Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 7.

### ALLEGATIONS COMMON TO ALL COUNTS

    8.      Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies each and every allegation therein.

    9.      Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies each and every allegation therein.

10. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies each and every allegation therein.

11. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies each and every allegation therein.

12. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies each and every allegation therein.

13. Juniper admits that the material attached as <u>Exhibit B</u> to the Complaint was created on or about August 7, 2010 and modified on April 16, 2013. Juniper further admits that the material attached as <u>Exhibit B</u> to the Complaint appears on the website with the URL https://www.insight.com/content/dam/insight/en_US/pdfs/insight/healthcare-solutions/healthcare_and_compliance_white_paper-the-new-reality.pdf. Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 13.

14. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies each and every allegation therein.

15. Juniper admits that it received, via counsel, the letter attached as <u>Exhibit C</u> to the Complaint on or about June 10, 2014. Juniper further admits that the letter attached as <u>Exhibit C</u> to the Complaint alleges that Juniper infringed the Plaintiff's copyright. Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 15.

16. Juniper admits that it received, via counsel, the letter attached as <u>Exhibit F</u> to the Complaint on June 17, 2014. Juniper further admits that the letter attached as <u>Exhibit F</u> to the Complaint purports to be a "final notice of copyright infringement." Juniper further admits that the parties have corresponded and have been unable to resolve their dispute amicably. Except as expressly admitted herein, Juniper denies each and every allegation of Paragraph 16.

17. Juniper denies each and every allegation of Paragraph 17.

18. Juniper denies each and every allegation of Paragraph 18.

### COUNT I-COPYRIGHT INFRINGEMENT

19. Juniper reasserts and incorporates by reference its responses to Paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies each and every allegation therein.

21. Juniper denies each and every allegation of Paragraph 21.

22. Juniper denies each and every allegation of Paragraph 22.

23. Juniper denies each and every allegation of Paragraph 23.

### COUNT II-CONTRIBUTORY COPYRIGHT INFRINGEMENT

24. Juniper reasserts and incorporates by reference its responses to Paragraphs 1 through 18 of the Complaint as though fully set forth herein.

25. Juniper is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis denies each and every allegation therein.

26. Juniper denies each and every allegation of Paragraph 26.

27. Juniper denies each and every allegation of Paragraph 27.

28. Juniper denies each and every allegation of Paragraph 28.

29. Juniper denies each and every allegation of Paragraph 29.

30. Juniper denies each and every allegation of Paragraph 30.

## PRAYER FOR RELIEF

31. Answering the Prayer for Relief section of the Complaint, Juniper denies that Plaintiff is entitled to any relief in any form whatsoever from Juniper and specifically denies that Plaintiff is entitled to any of the relief requested in said section of the Complaint (including in Paragraphs A through E under the subheading "Count I-Copyright Infringement" and in Paragraphs A through F under the subheading "Count II-Contributory Copyright Infringement).

## AFFIRMATIVE DEFENSES

32. Juniper asserts the defenses as set forth below. By pleading these defenses, Juniper does not in any way agree or concede that Juniper has the burden of proof or persuasion on any of these issues.

33. Juniper does not presently know all facts concerning the conduct of Plaintiff and the nature of its claims sufficient to state all affirmative defenses at this time. In addition to the defenses described below, Juniper expressly reserves the right to allege additional defenses and amend its Answer to Plaintiff's Complaint as information becomes known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim Upon Which Relief Can Be Granted)

34. The Complaint, and each purported claim for relief asserted therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

35. The Complaint, and each purported claim for relief asserted therein, are barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
(Laches)

36. The Complaint, and each purported claim for relief asserted therein, are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

37. The Complaint, and each purported claim for relief asserted therein, are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
(Abandonment of Copyright)

38. The Complaint, and each purported claim for relief asserted therein, are barred, in whole or in part, by the doctrine of abandonment of copyright.

## SIXTH AFFIRMATIVE DEFENSE
(Implied License)

39. The Complaint, and each purported claim for relief asserted therein, are barred, in whole or in part, by the doctrine of implied license.

## SEVENTH AFFIRMATIVE DEFENSE
(Good Faith)

40. Juniper acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff or any duty owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
(Fair Use)

41. The uses alleged in the Complaint were fair uses under the Copyright Act.

### NINTH AFFIRMATIVE DEFENSE
(Invalidity of Copyright)

42. Plaintiff's purported copyright registrations are invalid due to incorrect, misleading, or fraudulent information provided to the Copyright Office.

### TENTH AFFIRMATIVE DEFENSE
(Copyright Misuse)

43. The Complaint, and each purported claim for relief asserted therein, are barred, in whole or in part, by the doctrine of copyright misuse.

Dated: September 8, 2014

By: */s/ David Brafman*
DAVID BRAFMAN
FL Bar No. 68289
AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 659-5000
Fax: (561) 659-6313
E-mail: david.brafman@akerman.com

*Attorney for Defendant Juniper Networks, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 8, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                      */s/ David Brafman*
                                                      David Brafman