**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**3LIONS PUBLISHING, INC.,**

      **Plaintiff,**

**v.**                                         **Case No. 8:14-cv-1707-T-35TBM**

**JUNIPER NETWORKS, INC.,**

      **Defendant.**

                                                /

**O R D E R**

THIS MATTER is before the Court on **Plaintiff's Motion to Compel a Discovery Response From Juniper Networks, Inc. and Sanctions** (Doc. 38).[1]  Defendant has filed a response in opposition (Doc. 40).[2]

By its Motion, Plaintiff seeks an Order requiring Defendant to produce documents responsive to Request No 2.[3]  Plaintiff states all Defendant has produced is the Whitepaper and a spreadsheet, both of which were produced untimely and only after Defendant's Rule 30(b)(6) deponent, Brian Paulson, testified contrary to Defendant's initial responses.  Given Mr. Paulson's testimony, Plaintiff urges Defendant may have additional responsive documents relating to the Whitepaper in Defendant's ticketing system and, if such were deleted, it has a right to an explanation as to the process and circumstances under which the

---

[1]In support of its Motion, Plaintiff submits, among other things, the declaration of its counsel, Carlos Leyva, Esq.  (Doc. 38-12).

[2]In support of its opposition, Defendant submits, among other things, the declaration of its counsel, Rachel Faulkner, Esq.  (Doc. 40-1).

[3]Plaintiff's Request for Production was served on November 19, 2014.  Request No. 2 reads:  Please produce all documents relating to the creation, authorship, and editing of the Whitepaper, including, without limitation any notes, memoranda, research, charts, outlines, or communications relating to or referencing the Whitepaper or the content of same.

deletion occurred.  Plaintiff also contends that it is implausible that there are no documents reflecting communications between Defendant and the author of the Whitepaper, and Defendant has failed to give a reasonable explanation as to why no such documents exist. Plaintiff seeks to recoup the fees and costs incurred in bringing its Motion given Defendant's alleged bad faith conduct.  (Doc. 38).

Defendant counters that the Motion would have been unnecessary had Plaintiff complied with Local Rule 3.01(g) and/or participated in the Court ordered meet-and-confer because it already has produced all responsive documents within its possession, custody, or control.  While tickets relating to the Whitepaper or correspondences with contractors may have existed in 2010, they would not have been retained until 2014 given Defendant's retention policy.  As for failing to provide a reasonable explanation, Defendant maintains it is not obligated to do so.  It urges that its discovery conduct does not warrant sanctions; rather, Plaintiff should be sanctioned for filing a frivolous motion.  (Doc. 40).

Upon consideration and accepting Defendant's representations are true and correct, **Plaintiff's Motion to Compel a Discovery Response From Juniper Networks, Inc. and Sanctions** (Doc. 38) is **DENIED.**[4]

**Done and Ordered** in Tampa, Florida, this 2nd day of April 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[4]While it appears that Defendant took an unreasonably narrow read of Plaintiff's Request No. 2, its response satisfies the Court that it ultimately conducted an adequate search for the additional matters Plaintiff suspects exist and that there are none.  If any such responsive matters should surface hereafter, Defendant is obligated to promptly supplement its response to this request.