IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

3LIONS PUBLISHING, INC.,

      Plaintiff,                         **Case No: 8:14-CV-01707-MSS-TBM**

      v.

JUNIPER NETWORKS, INC.,

      Defendant.
_____/

**JUNIPER NETWORKS, INC.'S MOTION TO STRIKE
PLAINTIFF'S UNILATERALLY FILED
<u>AMENDED JOINT PRE-TRIAL STATEMENT [Dkt. 63]</u>**

Defendant Juniper Networks, Inc. ("Juniper") hereby moves this Court for an order striking the "Amended Joint Pre-Trial Statement" ("AJPTS") [Dkt. 63] that Plaintiff 3Lions Publishing, Inc.'s ("3Lions") unilaterally filed on October 27, 2015, over Defendant's objection.

Plaintiff's filing is facially invalid as it purports to be a joint filing on behalf of both Parties. However, Juniper not only never agreed to the filing, but expressly objected to 3Lions' filing of the AJPTS.

Moreover, Plaintiff presents positions in the AJPTS that are false. Contrary to Plaintiff's allegations, Juniper's counsel did not insert paragraph "P" into the Joint Pre-Trial Statement ("PTS") [Dkt. 62], filed on October 26, 2015. Instead, it was Plaintiff's own counsel who drafted and introduced Paragraph "P" into the PTS. Plaintiff's counsel reviewed the PTS numerous times before filing it and Plaintiff's counsel himself executed that October 26, 2015 filing.

4273765

## I. BACKGROUND

The Parties' counsel engaged in numerous discussions in preparing the Court-mandated PTS. The Parties exchanged draft emails in anticipation of their telephonic Meeting to Prepare the Joint PTS, which took place on October 13, 2015. As part of the discussions, which continued with almost daily emails until the filing of the PTS on October 26, 2015, redlined drafts were sent back and forth between the Parties until an agreement was reached on each and every line of the PTS.

On October 26, 2015, Plaintiff's counsel electronically filed the PTS on behalf of both Parties.

The very next day, on October 27, 2015, Plaintiff's counsel requested that Plaintiff be allowed to submit a revised PTS. When Juniper did not agree to Plaintiff's request, Plaintiff unilaterally filed its AJPTS—a purported joint statement—in an attempt to retract a fact that Plaintiff itself introduced into the PTS.

## II. ARGUMENT

### A. The AJPTS Was Not "Jointly" Filed

A joint statement by its very nature requires the agreement and collaboration of both parties. Without approval of all parties to a joint statement, a joint statement may not be filed.

Plaintiff's October 27, 2015 AJPTS was purportedly filed on behalf of both Parties by their respective counsels:

> Plaintiff 3Lions Publishing, Inc. ("3Lions") ***and Defendant Juniper Networks, Inc.*** ("Juniper") (collectively, "the Parties") ***by and through their undersigned counsel*** submit this Amended ***Joint*** Pre-Trial Statement ("PTS") pursuant to Local Rule 3.06 and the Court's Case Management and Scheduling Order.

AJPTS [Dkt. 63] at 1 (emphases added). Despite that representation, Juniper did not agree to the filing of the AJPTS, nor did Plaintiff even present the AJPTS to Juniper pre-filing. Rather, the filing was made over the express objection of Juniper's counsel:

> We cannot agree to a supplemental filing. . . . we will object to any such filing and any such filing *may not be made in our name*.

Ex. 1 (Email from Stohl to Leyva, Oct. 27, 2015 at 12:57 p.m. PDT/ 3:57 p.m. EDT) (emphasis added).[1] Plaintiff ignored Juniper's instruction, filed the AJPTS, and only afterwards responded to Juniper's email in a one-line response:

> I have already filed the Amended PTS. Proceed accordingly.

Ex. 2 (Email from Leyva to Stohl, Oct. 27, 2015 at 1:11 p.m. PDT/ 4:11 p.m. EDT).

As the AJPTS was filed without both Parties' consent, it must be stricken.

### B. Plaintiff, Not Juniper, Introduced Paragraph "P" Into The PTS

#### 1. Plaintiff Has Attempted Similar Retractions

Some months ago, in conjunction with the Parties' cross-motions for summary judgment, the Parties jointly filed a Statement of Agreed Material Facts ("Agreed Facts") [Dkt. 52], in which both Parties stipulated that "Juniper published a white paper, authored on its behalf by third-party contractor R3,[2] entitled 'Healthcare and Compliance—The New Reality' on its website on August 17, 2010." Later, in preparing the PTS, Plaintiff initially contested that the quoted line ever appeared in the Agreed Facts; once directed to that exact line, Plaintiff subsequently asserted that the line was left in inadvertently

---

[1] All exhibits herein referenced are those attached to the "Declaration of S. Adina Stohl In Support Of Juniper's Motion To Strike" filed concurrently with this Motion.

[2] The Agreed Facts includes a typographical error. R3 was transposed as "3R."

despite Plaintiff's review of the Agreed Facts and significant changes to the Agreed Facts, all of which were accepted by Juniper. *See* Ex. 3 (Plaintiff's redlined edits of Juniper's proposed Agreed Facts).

Specifically, on October 13, 2015, Plaintiff's counsel and Defense counsel met telephonically and via a GoToMeeting.com screen-share to discuss the content of the PTS filing. During that meeting, counsel disagreed over the inclusion of a previously stipulated to fact – namely that R3 authored the accused White Paper. *See* Agreed Facts [Dkt. 52] at ¶ 4. Plaintiff's counsel stated that he could not find anything in Docket 52, marking the language and adding a comment to that effect. In response, Juniper's counsel found the specific paragraph within the Statement of Agreed Material Facts and so noted it—in tracked changes—on the PTS draft for further discussion.

Plaintiff ultimately removed the line (initially, a part of the line, later the full line) from the PTS. Juniper's counsel agreed to its removal from the PTS, simultaneously informing Plaintiff that Juniper would need to file a motion in limine to restore that previously stipulated-to line.

### 2. Plaintiff Introduced A List Of Statements For Inclusion In The PTS Which Included Paragraph "P"

On October 18, 2015, in a follow-up email to counsels' discussion regarding the inclusion of contested facts, Plaintiff sent a list of "JNWI Admissions" for Juniper's review to include in the PTS. *See* Ex. 4 (Email from Leyva to Stohl, Oct. 18, 2015 at 8:39 a.m. PDT/ 11:39 a.m. EDT) ("These are the admissions that 3Lions has gathered from Juniper's responses to RFAs and ROGGs [sic]. The [sic] are enumerated with the

specific Request No. for ease of reference."). In Plaintiff's attachment, Plaintiff twice includes the following language—which is identical to Paragraph "P":

> "Juniper contracted with an independent contractor for the preparation of the identified white paper."

Ex. 5 (Attachment, entitled "20151018_JNWI PTS_Admissions.docx," to Oct. 18, 2015 Email). Before Plaintiff's counsel inserted it, this language was not present in any prior PTS communication or document.

### 3. Plaintiff Incorporated Paragraph "P" Into The PTS A Few Hours Before The Meet And Confer

On October 23, 2015, in preparation for counsels' anticipated meeting,[3] Plaintiff sent an updated PTS in both revised and "clean" (*i.e.* all changes—including newly made changes by Plaintiff) versions. *See* Ex. 7 (Email from Leyva to Stohl, Oct. 23, 2015 at 11:07 a.m. PDT/ 2:07 p.m. EDT); Ex. 8 (Attachment, entitled "2015.10.20 PTS (2nd Round of Edits) REDLINE_CAL-10-23-2015.docx," to Oct. 23, 2015 Email [Ex. 7]); Ex. 9 (Attachment, entitled "2015.10.20 PTS (2nd Round of Edits) REDLINE_CAL_10-23-15_CLEAN.docx," to Oct. 23, 2015 Email [Ex. 7]). It is in these versions of the PTS that the now-disputed paragraph "P" first appears. *See* Ex. 8 at ¶¶ W, Y, DD, HH (referencing RFA 19 and 22, Interrogatories 4 and 11 in redline "comments," respectively); Ex. 9 at ¶ V (referencing RFA 22 in a redline "comment"). This insertion occurred only a few hours before the meet and confer for the Parties' intended motions in limine. *See* Exs. 6-7.

---

[3] *See* Ex. 6 (Email from Leyva to Stohl, Oct. 23, 2015 at 7:01 a.m. PDT/ 10:01 a.m. EDT) (setting up GoToMeeting.com session for 12:30 p.m. PDT/ 3:30 p.m. EDT for later that same day).

This line was also separate and distinct from Plaintiff's referenced (and removed) paragraph "G". *See* Ex. 8 (paragraph "G" included—in redline—as paragraph "L"); Ex. 9 (paragraph "G" included—without the "R3" language—as paragraph "L"). It was introduced by Plaintiff as an independent line item. *See id*. To the extent Plaintiff wished to remove paragraphs, it did just that. *See generally* Exs. 8-9. Plaintiff was in no way reliant on Juniper's counsel for its changes, notwithstanding Plaintiff's current cry to the contrary.

### 4. Juniper Never Altered Or Re-Inserted Paragraph "P"

At no point after Plaintiff's own insertion of Paragraph "P" was that paragraph ever removed. *See generally* Exs. 8-9.

Juniper's counsel never inserted or re-inserted the language in paragraph "P." In fact, during the October 23, 2015 meeting, Plaintiff split the task of incorporating the Parties' agreed-upon changes of the various documents. Plaintiff's counsel stated that he would update the PTS and Exhibit A to the PTS, while Juniper's counsel was to update the voir dire list and draft a (since unused) stipulation regarding some of Juniper's trial exhibits. Plaintiff sent Juniper's counsel the (almost) final PTS on October 25, 2015. *See* Exs. 10-11. The now-contested paragraph "P" was included in Plaintiff's October 25, 2015 transmission as paragraph "Q."

//
//
//
//
//

**III. Conclusion**

Juniper respectfully requests that this Court strike Plaintiff's unilaterally filed AJPTS as it was not jointly filed as purported and because its amendment is unsupported. Juniper also requests that it be awarded costs and attorneys' fees associated with bringing this Motion.

Date: October 29, 2015

Respectfully submitted,

/s/ David Nimmer
DAVID NIMMER
Admitted *Pro Hac Vice*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Fax: (310) 203-7199
E-mail: dnimmer@irell.com

*Attorney for Defendant Juniper Networks, Inc.*

## ATTORNEY'S 3.01(G) CERTIFICATE

**WE HEREBY CERTIFY** that on October 29, 2015, co-counsel for Juniper Networks, Inc., S. Adina Stohl, conferred with Carlos Leyva, counsel for Plaintiff, telephonically, in an attempt to resolve the issues in this motion, that we could not arrive at a resolution, and he stated that Plaintiff was opposed to the relief requested herein.

/s/ David Nimmer
DAVID NIMMER
Admitted *Pro Hac Vice*

*Attorney for Defendant Juniper Networks, Inc.*


## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on October 29, 2015, a true and correct copy of **JUNIPER NETWORKS, INC.'S MOTION TO STRIKE PLAINTIFF'S UNILATERALLY FILED AMENDED JOINT PRE-TRIAL STATEMENT** was served electronically on counsel of record for the Plaintiff.

/s/ David Nimmer
DAVID NIMMER
Admitted *Pro Hac Vice*

*Attorney for Defendant Juniper Networks, Inc.*

4273765